In Re Recognizance of Frank Tomer, Walter Rash and John G. Sutton.

*Violating Election Laws—Recognizance—Criminal Law—Appearance at Court—No Grand Jury in Session—Application by State for Continuance—Practice—Defendants Discharged.*

Defendants, under a criminal charge, gave security for their appearance at Court and appeared. The grand jury had been discharged, and State asked that the cases be continued to the next term under new recognizances. Held that there was no law or practice that would justify the Court in making such an order, and the defendants were discharged; the State having the right to proceed *de novo*.

(*November 20th, 1900.*)

Lore, C. J. and Spruance and Grubb, J. J. sitting.

*Peter L. Cooper, Jr.,* Deputy Attorney-General, for the State.

*William S. Hilles* and *Harry P. Joslyn* for defendants.

Court of General Sessions, New Castle County, November Term, 1900.

The defendants in this case were held by a Justice of the Peace upon the charge of violating certain of the election laws of the State of Delaware, same being a misdemeanor, and entered into recognizance for their appearance at Court. The case was sent up to the Court of General Sessions by the Justice during the November Term, 1900, but too late for the Grand Jury to act upon it, they having been discharged for the term. The defendants appeared.

The Deputy Attorney-General asked that the cases be continued to the next term and that the defendants enter into a new recognizance for their appearance at said term, contending that although not indicted yet the bonds returned, which were part of

the records of the Court of General Sessions, showed that these persons were charged with a crime, and that as the Grand Jury, the branch of the Court which deals with the crime charged upon the record, was not in session, the Court had power to continue the cases until the next term, when the Grand Jury would be in session; that it was as much in the power of the Court to continue a case before, as after an indictment had been found, and that such had been the practice.

*Hilles*, for defendant, opposed the motion and asked that the defendants be discharged, they having complied with the conditions of their recognizance.

LORE, C. J.:—I recall no practice of the kind referred to by the State, and it strikes me as being a very remarkable practice, unless under very peculiar circumstances. These men have simply entered into a recognizance to appear at this term of Court. Now they appear and while there is something in the office of the Attorney-General, there is nothing before us.

We decline to make the order asked for. They have met the condition of their recognizance and are entitled to go. The State can proceed again *de novo*.