In re THOMAS KILLCOURSE.

CRIMINAL LAW—CUSTODY OF PRISONER—GRAND JURY'S FAILURE TO IN-
DICT—DISCHARGE.

   Prisoner held on charge of highway robbery, who is not indicted at term during which he was committed, will not be discharged, but, under *Rev. Code* 1915, §§ 4492, 4847, will be held to bail until the next term.

(<em>September</em> 30, 1918.)

PENNEWILL, C. J., and RICE, and HEISEL J. J. sitting.

*David J. Reinhardt*, Attorney-General, and *P. Warren Green*, Deputy Attorney-General, for the State.

*Levin Irving Handy* for accused.

Court of General Sessions, New Castle County, September Term, 1918.

In the matter of Thomas Killcourse, in custody on a charge of highway robbery.   On motion for his discharge.   Denied.

Motion for the discharge of Thomas Killcourse, in custody on a charge of highway robbery.   Motion denied.

Mr. Handy moved for the discharge of the prisoner from the workhouse, for the reason that the grand jury had been discharged for the then term to which the prisoner had been held, without returning an indictment against him. *In re Tomer et al.*, 3 *Pennewill*, 31, 50 *Atl.* 268, was relied on.

The attorney General opposed the motion relying on the statute, *Rev. Code*, 1915, §§ 4492, 4847, the same being as follows:

"If any person shall be committed for treason, or felony, and shall not be indicted and tried at the next term of the court where such crime is cognizable, he shall be set at liberty on bail, unless it appear by affidavit that the witnesses for the State (naming them) could not then be had; and if such prisoner shall not be indicted and tried at the second term after his commitment, he shall be discharged from prison."

HEISEL, J.:—We think the statute is perfectly clear, and that it applies to this case; that this being the first term, the defendant may be held to bail until the next term, and must be indicted and tried at the next term or discharged. We distinguish this case from the case of *In re Tomer et al.*, 3 *Pennewill* 31, 50 *Atl.* 268, because in that case the offense charged was a misdemeanor.

Killcourse was held in one thousand dollars bail for his appearance at the following November term.